# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.B. and J.H.**

**No. 20-0450** (Webster County 17-JA-15 and 17-JA-16)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.B., by counsel Andrew B. Chattin, appeals the Circuit Court of Webster County's March 2, 2020, order terminating his parental rights to K.B. and J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

As more fully discussed in this Court's prior memorandum decision, the DHHR previously filed a child abuse and neglect petition alleging that petitioner used controlled substances in the presence of the children, exposed the children to inappropriate individuals, and failed to comply with an in-home safety plan. *In re K.B. and J.H.*, No. 18-0255, 2018 WL 6119921, *1 (Nov. 21, 2018) (memorandum decision). Petitioner admitted to these allegations in March of 2017, and the circuit court adjudicated him as an abusing parent. *Id.* Petitioner was granted a post-adjudicatory improvement period. *Id.* Over a period of several months, petitioner complied with substance abuse treatment, obtained employment, and remained drug and alcohol free. *Id.* at *2. However, the circuit court granted the DHHR's motion to terminate petitioner's parental rights on the basis that he failed to obtain housing during the improvement period. *Id*. This Court vacated and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

remanded the circuit court's dispositional order due to the DHHR's failure to prepare a family case plan and its late addition of a requirement that petitioner obtain housing. *Id*. at \*3-4. The circuit court held a subsequent dispositional hearing in January of 2019, and, finding that petitioner obtained appropriate housing and otherwise remedied the conditions of abuse and neglect, returned the children to his custody. The circuit court noted that during the pendency of petitioner's appeal, the DHHR filed an amended petition with allegations that the mother abused controlled substances and neglected the children.[2] Accordingly, the proceedings continued against the children's mother.

In November of 2019, the DHHR amended the child abuse and neglect petition and alleged that petitioner was again abusing controlled substances that negatively affected his ability to parent the children. The DHHR alleged that petitioner moved to Cowen, West Virginia, to care for his ailing mother following the circuit court's January of 2019, dispositional order, and, upon the DHHR's investigation of the appropriateness of that residence, petitioner and his girlfriend admitted to marijuana use while parenting the children. Thereafter, petitioner waived his preliminary hearing. In January of 2020, petitioner admitted to the allegations in the amended petition, and waived his right to an adjudicatory hearing. The circuit court accepted the admissions and adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period.

The circuit court held the final dispositional hearing in February of 2020. Petitioner did not appear but was represented by counsel.[3] The DHHR presented evidence that petitioner had not participated in services since November of 2019. Further, petitioner had tested positive for controlled substances on the day of the adjudicatory hearing in January of 2020, and failed to submit to any subsequent drug screens. As a result of petitioner's continued substance abuse, he had not visited with the children since November of 2019. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated petitioner's parental rights to the children by its March 2, 2020, order. Petitioner now appeals that order.[4]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[2]Notably, J.H.'s mother's parental rights were previously terminated in 2012. The circuit court determined that K.B.'s mother was a psychological parent of J.H. and placed J.H. with her during the pendency of petitioner's first abuse and neglect proceeding.

[3]Upon inquiry by the circuit court, petitioner's counsel proffered that petitioner had moved to Minnesota and had not responded to counsel's "several" messages regarding the proceedings.

[4]K.B.'s mother is participating in an improvement period and retains her parental rights. According to the parties, the permanency plan for K.B. is to return to his mother's custody. The permanency plan for J.H. is adoption by K.B.'s mother, who was previously determined to be his psychological parent.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. He asserts that the conditions of neglect and abuse were correctable and that he should have been granted an improvement period "to show the [circuit court] that he could correct the conditions which led to the filing of the petition." Petitioner argues that the circuit court should have imposed an improvement period as a less-restrictive dispositional alternative to terminating his parental rights. We disagree.

West Virginia Code § 49-4-610(2)(B) provides that a circuit court may grant a parent a post-adjudicatory improvement period when he "demonstrates, by clear and convincing evidence, that [he] is likely to fully participate in the improvement period." It is well established that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Here, petitioner presented no evidence that he was likely to fully participate in an improvement period. In fact, petitioner acknowledges the circuit court's contrary findings that he failed to participate in any services and continued to test positive for controlled substances, yet he offers no challenge to those findings. In light of these uncontroverted findings, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Further, the circuit court did not err in terminating petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the welfare of the children. Pursuant to West Virginia Code § 49-4-604(d)(3), a circuit court may determine that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, the circuit court's uncontroverted findings fully support its conclusion that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. Petitioner demonstrated no ability to comply with the services that were designed to help him remedy the conditions of neglect or abuse and no ability to correct those conditions on his own. Additionally, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based upon the circuit court's findings, there was no error in terminating petitioner's parental rights without the use of a less-restrictive dispositional alternative, such as the granting of a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 2, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison